**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| **In Re:** | |
| **Nicholas J. Schneider** | **Chapter 13** **Case No. 26-11393-AMC** |
| **Debtor,** | |
| UMB Bank, National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-1 | |
| Movant, | |
| v. | Hearing: September 22, 2026 at 11:00 am Courtroom # 4 |
| Nicholas J. Schneider | |
| Debtor, and | |
| Kenneth E. West, Esquire Trustee, | 11 U.S.C. §362(d) |
| Respondents. | |

**ORDER MODIFYING §362 AUTOMATIC STAY**

AND NOW, upon the Motion of PARKER McCAY P.A. Attorneys for UMB Bank, National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust 2018-1 ("Movant") under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain real property as hereinafter set forth, and for cause shown;

**IT IS ORDERED:**

1. The automatic stay of Bankruptcy Code section 362(a) is vacated to permit the Movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the Movant's rights in the following property described

below to the extent and in the manner provided by any applicable contract documents and non-bankruptcy law.

***9350 Clark St., Philadelphia, PA 19115***

2. Rule 4001(a)(4) is not applicable and Movant may immediately enforce and implement this Order granting relief from the automatic stay.

3. The Notice and filing requirements of FRBP 3002.1(b & c) are no longer applicable to Movant's claim.

4. Nothing in this Order shall prevent Movant from communicating with the Debtor about loss mitigation options.

BY THE COURT

Date: Oct. 21, 2026

______________________________
Ashely M. Chan
Chief Judge, United States Bankruptcy Court